# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 21, 2022

Lyle W. Cayce
Clerk

No. 20-61080
Summary Calendar

―――――――――

Pius Atabong Ngutese,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

―――――――――――――――――――――

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A203 599 372

―――――――――――――――――――――

Before Barksdale, Willett, and Wilson, *Circuit Judges*.

Per Curiam:*

Pius Atabong Ngutese, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from the denial of his application for: asylum; withholding of removal; and relief under the Convention Against Torture (CAT). He asserts: the BIA

―――――――――

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61080

erred in affirming the IJ's adverse-credibility determination; and he is entitled to protection under CAT.

In considering the BIA's decision (and the IJ's, to the extent it influenced the BIA), legal conclusions are reviewed *de novo*; factual findings, for substantial evidence. *E.g.*, *Orellano-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial-evidence standard, petitioner must demonstrate "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

An adverse-credibility determination is a factual finding. *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018). Therefore, "if the IJ's credibility determinations are supported by the record, they will be affirmed". *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009). In making an adverse-credibility determination, "[the] IJ may rely on *any* inconsistency or omission . . . as long as the totality of the circumstances establishes that an asylum applicant is not credible". *Id.* at 538 (citation omitted) (emphasis in original).

Despite Ngutese's assertions to the contrary, the adverse-credibility determination was "supported by specific and cogent reasons" based on the evidence presented and was, under the totality of the circumstances, substantially reasonable. *See Singh*, 880 F.3d 225–26. Because the adverse credibility determination was supported by "specific and cogent reasons", the record does not compel a finding that he was credible or that no reasonable factfinder could have made an adverse-credibility finding. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Accordingly, the lack of credible evidence precluded Ngutese from meeting his burden of proof for asylum and withholding of removal.

To obtain CAT relief, applicant must show, *inter alia*, "it is more likely than not" he will be tortured in his home country "at the instigation

2

No. 20-61080

of, or with the consent or acquiescence of, a public official acting in an official capacity". 8 C.F.R. §§ 1208.16(c)(2) (eligibility for withholding of removal under CAT), 1208.18(a)(1) (defining torture).

Ngutese asserts that the BIA erred in treating the adverse-credibility determination as dispositive of his claim for protection under CAT. Again, the IJ's decision was affirmed by the BIA. The IJ found the record contained evidence of significant human-rights violations in Cameroon, but there was nothing in the record indicating that Ngutese would be singled out for torture. Moreover, although he introduced documentary evidence regarding the Cameroonian government's persecution of Anglophones, this evidence only weighs against the conclusion that he is not entitled to protection under CAT and does not compel a contrary result. *See Martinez-Lopez v. Barr*, 943 F.3d 766, 773 (5th Cir. 2019) (denying relief because evidence weighed against IJ's conclusion but did not "*compel* the opposite conclusion" (emphasis in original)).

Accordingly, substantial evidence supports the determination that he is not entitled to protection under CAT. Along that line, we do not take the requested judicial notice of country-condition evidence not included in the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A) (limiting scope and standard of review to "administrative record on which the order of removal is based").

DENIED.